**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

PRIORITY RECORDS LLC, a           )
California limited liability      )
company, et al.,                  )
                                  )
Plaintiffs,                       )
                                  )
vs.                               )   NO. 2:06-CV-316
                                  )
BEVERLY WHEATON,                  )
                                  )
Defendant.                        )

## OPINION AND ORDER

This matter is before the Court on the Application for Entry of Default Judgment By the Court, filed by Plaintiffs on November 27, 2006. For the reasons set forth below, this motion is **GRANTED**. The Court **ORDERS** default judgment be entered in favor of Plaintiffs and against Defendant, Beverly Wheaton, as follows: (1) $7,500 in statutory damages; (2) statutory post-judgment interest at a rate of 4.96% to Plaintiffs on the amount identified in subsection (1); and (3) $420 as costs incurred.

**IT IS FURTHER ORDERED** that Defendant, Beverly Wheaton, shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Roll All Day," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR# 287-151);
- "Dopeman," on album "Straight Outta Compton," by artist "NWA" (SR# 150-531);
- "My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220);
- "Friend of Mine," on album "Soul of a Woman," by artist "Kelly Price" (SR# 188-958);
- "Pussy Pop," on album "40 Dayz 40 Nightz," by artist "Xzibit" (SR# 246-589);
- "Shake You Down," on album "Shake You Down," by artist "Gregory Abbott" (SR# 71-785);
- "Just Got Paid," on album "Secrets of Flying," by artist "Johnny Kemp" (SR# 92-433);
- "Take You Out," on album "Luther Vandross," by artist "Luther Vandross" (SR# 298-047);
- "Man Ain't Supposed To Cry," on album "Don't Hold Back," by artist "Public Announcement" (SR# 290-826);
- "Amerika," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or

-2-

any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

BACKGROUND

Plaintiffs filed suit against Defendant on September 19, 2006, for numerous copyright infringements in violation of the Copyright Act of the United States, Title 17 U.S.C. section 101, *et seq.* Return of service was executed on September 26, 2006. Defendant has not appeared before the Court, nor has Defendant responded to the complaint. The Clerk entered default against Defendant on November 27, 2006. In the instant motion, Plaintiffs request the Court enter an order for default judgment and permanent injunction against Defendant.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of

-3-

default and default judgment.  When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default.  Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.").

Entry of default must precede an entry of default judgment. *See, e.g., Hirsch v. Innovation Int'l*, No. 91 Civ. 4130, 1992 WL 316143, at *1 (S.D.N.Y. 1992).  As the Clerk has entered default against Defendants, this Court may enter a default judgment.

As Defendant has failed to appear and respond to Plaintiffs' charges in this matter, Defendant is deemed to have admitted the conduct alleged in Plaintiffs' complaint.  Accordingly, the Court finds Defendant has committed ten counts of copyright infringement, as alleged in Plaintiffs' complaint.

Under the Copyright Act, a copyright owner may elect to recover statutory damages instead of actual damages.  In this case, Plaintiffs request to be awarded the minimum statutory damages provided by section 504 of the Copyright Act, which amounts to $750 per violation.  Because Plaintiffs seek only the minimum statutory damages and these damages are clearly ascertainable from the complaint, no evidentiary hearing is necessary.  *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-69 (1st Cir. 2002).

Plaintiff may also recover costs reasonably incurred in this

lawsuit.  Attorney Joel E. Tragesser has declared under oath that Plaintiffs have incurred $402 in costs.  In the Court's experience, costs in this amount are not unreasonable.

Upon review of the submitted documentation, the Court finds it is sufficient for the Court to assess damages against Defendant without the need for a hearing on damages.  Accordingly, the Court **GRANTS** Plaintiffs' motion for default judgment against Defendant, Heather Johnson.

Plaintiffs also seek to permanently enjoin Defendant from committing any further copyright infringements.  Section 502(a) of the Copyright Act specifically provides for injunctive relief.  17 U.S.C. § 502(a).  Injunctions are regularly issued pursuant to section 502 because "the public interest is the interest in upholding copyright protections." *Autoscale, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993).  Moreover, it is not uncommon for courts to issue injunctions as part of default judgments.  *See Johnson v. Kakvand*, 192 F.3d 656, 663 (7th Cir. 1999) (affirming default judgment that included injunction).  This case is no different.  Injunctions can apply to not only existing works, but also works created in the future. *Sony Music Enter-tainment, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347-48 (S.D. Fla. 1999).  Injunctions can also include directing the destruction of all copies of infringed works in a defendant's custody and control.

-5-

*Castle Rock Entertainment v. Carol Publishing Group, Inc.,* 955 F. Supp. 260 (S.D.N.Y. 1997).  Here, Plaintiffs allege Defendant's conduct has caused and is causing irreparable injury that cannot be fully compensated or measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights.  Moreover, there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent an injunction, Defendant would stop from doing so.  In fact, Defendant's failure to respond to the complaint likely suggests Defendant does not take seriously the illegality of the infringing activity.  In light of the scope and nature of Defendant's infringement, the need to protect Plaintiffs' copyrighted works, and the public interest, the Court is convinced that the requested injunction is appropriate.

CONCLUSION

For the reasons set forth above, Plaintiffs' Application for Entry of Default Judgment By the Court is **GRANTED**.  The Court **ORDERS** default judgment be entered in favor of Plaintiffs and against Defendant, Beverly Wheaton, as follows:  (1) $7,500 in statutory damages; (2) statutory post-judgment interest at a rate of 4.96% to Plaintiffs on the amount identified in subsection (1); and (3) $402 as costs incurred.

**IT IS FURTHER ORDERED** that Defendant, Beverly Wheaton, shall

be and hereby is  enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Roll All Day," on album "War & Peace: Vol. 2," by artist "Ice Cube" (SR# 287-151);
- "Dopeman," on album "Straight Outta Compton," by artist "NWA" (SR# 150-531);
- "My First Love," on album "My Thoughts," by artist "Avant" (SR# 281-220);
- "Friend of Mine," on album "Soul of a Woman," by artist "Kelly Price" (SR# 188-958);
- "Pussy Pop," on album "40 Dayz 40 Nightz," by artist "Xzibit" (SR# 246-589);
- "Shake You Down," on album "Shake You Down," by artist "Gregory Abbott" (SR# 71-785);
- "Just Got Paid," on album "Secrets of Flying," by artist "Johnny Kemp" (SR# 92-433);
- "Take You Out," on album "Luther Vandross," by artist "Luther Vandross" (SR# 298-047);
- "Man Ain't Supposed To Cry," on album "Don't Hold Back," by artist "Public Announcement" (SR# 290-826);
- "Amerika," on album "Thugs Are Us," by artist "Trick Daddy" (SR# 303-748);

and in any other sound recording, whether now in existence or later

created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (I.e., download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**DATED:  March 13, 2007**          /s/RUDY LOZANO, Judge
                                    **United States District Court**